**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

CHELSEA BATTLES,

    Plaintiff,

v.

WAL-MART STORES EAST, INC., and
WAL-MART STORES EAST, LP, d/b/a
WAL-MART SUPERCENTER #150 a/k/a
WAL-MART INC.

    Defendants.

§
§
§
§
§  Case No.: CIV-25-00067-J
§
§
§
§
§
§
§

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT**

JAKE S. ALDRIDGE, OBA #21932
DAVID L. TEASDALE, OBA #30307
**ALDRIDGE TEASDALE, PLLC**
324 W. Main Street
Norman, OK 73069
Telephone: (405) 447-4878
Facsimile: (405) 329-4878
Email: jake@getatlaw.com
    david@getatlaw.com
**ATTORNEYS FOR PLAINTIFF**

**Table of Contents**

**Table of Authorities**………………………………………………………...…..........3

**LIST OF EXHIBITS**……………………………………………………………......5

**INTRODUCTION**…………………………………………………………..…..6

**PLAINTIFF'S RESPONSE TO DEFENDANT'S UNDISPUTED FACTS**……..…6-9

**STANDARD FOR SUMMARY JUDGMENT**………………………………………...9

**I.    DEFENDANTS FAIL TO MEET THEIR BURDEN FOR THEIR
         MOTION FOR SUMMARY JUDGMENT**…………………………………9-12

**II.    PLAINTIFF HAS A CLAIM FOR NEGLIGENCE AGAINST THE
         DEFENDANT/NOTICE IS NOT REQUIRED**…………………………12-13

**STANDARD FOR IMPOSTION OF PUNITIVE DAMAGES UNDER
OKLAHOMA LAW**…………………………………………………………...13-14

**I.    UNDER OKLAHOMA LAW, THE QUESTION OF WHETHER PUNITIVE
         DAMAGES EXIST IS A FACT QUESTION FOR THE JURY**………....14-20

**CONCLUSION**………………………………………………………..……......20

**CERTIFICATE OF SERVICE**……………………………………………..21

**Table of Authorities**

**Cases**

*Acton v. Culbertson*, 132 P. 812, 816 (Okla. 1913)

*Ada-Konawa Bridge Co. v. Cargo*, 21 P.2d 1, 7 (Okla. 1932)

*Alexander v. Jones*, 29 F. Supp. 690, 692 (E.D. Okla. 1939)

*Alsobrook v. National Travelers Life Ins. Co.*, 852 P.2d 768 (Okla. Civ. App. 1992)

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)

*Baker v. Saint Francis Hospital*, 126 P.3d 602 (Okla. 2005)

*Barall Food Stores v. Bennett*, 153 P.2d 106, 110 (Okla. 1944)

*Beneficiary Finance Co. v. Young*, 612 P.2d 1357 (Okla. 1980)

*Bennett v. McKibben*, 1996 OK CIV APP 22, 915 P.2d 400, 405

*Bierman v. Aramark Refreshment Services, Inc.*, 198 P.3d 877 (Okla. 2008)

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)

*Chapman v. Associated Transport, Inc.*, 63 S.E.2d 465 (S.C. 1951)

*Crockett v. McKenzie*, 867 P.2d 463, 464 (Okla. 1994)

*First Natnl Bank & Trust Co. of Vinita v. Kissee*, 859 P.2d 502, 505 (Okla. 1993)

*Foster v. Emery*, 495 P.2d 390 (Okla. 1972)

*Frank v. Mayberry*, 985 P.2d 773, 777 (Okla. 1999)

*Gilbreath v. Phillips Petroleum Co.*, 526 F. Supp. 657, 660 (W.D. Okla. 1980)

*Glover v. Montgomery Ward & Co.*, 536 P.2d 401, 404-08 (Okla.Ct.App.1974)

*Higbee Co. v. Jackson*, 128 N.E. 61 (Ohio 1920)

*Iglehart v. Warrington*, 891 P.2d 619, 620 (Okla. Civ. App. 1995)

3

*J.C. Penney Co. v. Barrientez*, 411 P.2d 841, 848 (Okla. 1965)

*Jones v. Lennington*, 629 P.2d 805 (Okla. Civ. App. 1981)

*Kassik v. Spicer*, 490 P.2d 251, 253-54 (Okla. 1971)

*Kaul v. Stephan,* 83 F.3d 1208, 1212 (10th Cir. 1996)

*Lingerfelt v. Winn-Dixie Tex., Inc.*, 645 P.2d 485, 487-89 (Okla.1982)

*Martin v. Wal-Mart Stores, Inc.*, the 10th Circuit (interpreting Oklahoma law)

*Morgan v. Bates*, 390 P.2d 486 (Okla. 1964)

*N.C. Corff Partnership v. OXY USA, Inc.*, 929 P.2d 288, 293 (Okla. Ct. App. 1996)

*Oller v. Hicks*, 441 P.2d 356 (Okla. 1967)

*Reed v. Fichencord*, 219 P. 937 (Okla. 1923)

*Rodebush v. Oklahoma Nursing Homes Ltd.*, 1993 OK 160, 867 P.2d 1241, 1247

*RST Service Mfg. v. Musselwhite*, 628 P.2d 366, 368 (Okla. 1981)

*Safeway Stores, Inc. v. Keef*, 416 P.2d 892, 894-95 (Okla. 1966)

*Shuman v. Laverne Farmers CO-OP*, 809 P.2d 76, 79 (Okla. Civ. App. 1991)

*Silkwood v. Kerr-McGee*, 769 F.2d 1451 (10th Cir. 1985)

*Smith v. Wade*, 461 U.S. 30, 52 (1983)

*Smith v. Warehouse Market*, 586 P.2d 724, 726 (Okla. 1978)

*Sopkin v. Premier Pontiac*, 539 P.2d 1393 (Okla. Civ. App. 1975)

*State v. Thirty Thousand Seven Hundred Eighty-One Dollars & No/100*, 865 P.2d 1262, 1264 (Okla. Civ. App. 1993)

*Stuckey v. Young Exploration Co.*, 586 P.2d 726, 730 (Okla. 1978)

*Sunray DX Oil Co. v. Brown*, 477 P.2d 67 (Okla. 1970)

4

*Tomlinson, et al. v. Bailey, et al.*, 289 P.2d 384 (Okla. 1954)

*White v. Wynn*, 708 P.2d 1126, 1129 (Okla.1985)

**Statutes**

Fed. R. Civ. P. 56(c)

23 O.S. § 9

23 O.S. §9.1

23 O.S. § 9.1(A)

23 O.S. §9.1(C)(1)

23 O.S. §9.1(D)(1)(2)

25 O.S. § 5

25 O.S. § 6

## List of Exhibits

Exhibit 1    Deposition testimony of Plaintiff Chelsea Battles

Exhibit 2    Defendants' Answers to Plaintiff's First Set of Interrogatories

Exhibit 3    Defendants' Final Witness List

Exhibit 4    Photograph from video of Plaintiff's fall from side

Exhibit 5    Photograph from video of Plaintiff's fall from behind

Defendants' Motion for Summary Judgment fails because material facts remain in dispute and reasonable minds may differ as to the central issues of the instant case, thus requiring submission to the trier of fact.

In further objection and response, Plaintiff submits the following brief and advises the Court as follows:

## INTRODUCTION

Plaintiff's independent negligence claims against Defendants do not fail as a matter of law as there are genuine issues of material fact that must be left to a jury to determine. Plaintiff's claims for punitive damages do not fail as a matter of law because of the testimony of the Plaintiff and the evidence to support the elements of a punitive damage claim.  Defendants have provided no admissible evidence to the contrary.

Plaintiff, Chelsea Battles, went to the Wal-Mart Supercenter in Woodward, Oklahoma on October 4, 2024, to purchase goods. While inside Defendants' store, as a business invitee, she slipped in fell as a result of a muddy wet spot on the ground that was not seen by her until after she fell, causing her to suffer severe and permanent injuries.

## PLAINTIFF'S RESPONSE TO DEFENDANTS' UNDISPUTED FACTS

1. Denied as stated as an irrelevant, non-material "Undisputed Fact" that does not help determine the issues involved in this case.

2. Denied as stated as an irrelevant, non-material "Undisputed Fact" that does not help determine the issues involved in this case.

3. Denied as stated as an irrelevant, non-material "Undisputed Fact" that does not help determine the issues involved in this case.

6

4. Denied as stated as an irrelevant, non-material "Undisputed Fact" that does not help determine the issues involved in this case.

5. Denied as stated as an irrelevant, non-material "Undisputed Fact" that does not help determine the issues involved in this case.

6. Denied as stated as an irrelevant, non-material "Undisputed Fact" that does not help determine the issues involved in this case.

7. Denied as stated as an irrelevant, non-material "Undisputed Fact" that does not help determine the issues involved in this case.

8. Denied as stated. Defendants' Undisputed Fact Number 8, does not accurately articulate the full substance of Plaintiff's testimony. She specifically stated in her deposition that she did not walk an associate back to the area where she fell, but that the Defendants had someone walk to the area she had told them where she had fallen and that an employee of the Defendants told her that they said it was "already dry." (*See* excerpt of deposition testimony of Plaintiff Chelsea Battles attached as Exhibit "1" at 75:16; 74:21-22.)

9. Denied as stated. Plaintiff testified numerous times in her deposition that she slipped on a muddy wet spot on the floor. (*See* Exhibit "1" at 74:22; 79:20-25; 80:1-20; 88:1-12.) Further, it is even in Defendants' Answers to Plaintiff's First Set of Interrogatories, in which they specifically state in their Answer to Interrogatory No. 7, "Defendant's understand the Plaintiff was shopping inside Defendant's store and slipped on a muddy wet spot on the floor." (*See* Defendants' Answers to Plaintiff's First Set of Interrogatories attached as Exhibit "2" at Answer No. 7.)

7

10. Denied as stated.  Defendants' Undisputed Fact Number 10, does not accurately articulate the full substance of Plaintiff's deposition. Defense counsel specifically asked in his question whether people were in the "generally vicinity" and stated that "I'm not saying he may have stepped on necessarily the area where you claim." (*See* Exhibit "1" at 95:5-9.)

11. Admitted as stated.

12. Admitted as stated.

13. Admitted as stated.

14. Denied as stated. Defendants' Undisputed Fact Number 14, does not accurately articulate the evidence admitted in the present matter. Although Defendants' representative testified that in his review of the video and what had been presented to him that there did not appear to be any kind of muddy spot on the ground, that testimony is in direct conflict with information presented in Defendants' Answers to Plaintiff's First Set of Interrogatories. In their Answer to Interrogatory No. 17, they specifically state, "Subject to and without waiving any of Defendant's objections, the floor was **inspected and cleaned**…" Further, as stated previously, Defendants stated in their Answer to Interrogatory No. 7, "Defendant's understand the Plaintiff was shopping inside Defendant's store and slipped on a muddy wet spot on the floor." (*See* Exhibit "2" at Answers No. 7 & 17.)

15. Denied. The statements contained in the affidavit of Kristine Main are not admissible in the present matter as they are from an employee of Defendants who has never, prior to the attachment of the affidavit on their Motion for Summary Judgment,

8

been previously identified as a witness, nor is identified as a witness on Defendants' Final Witness List. It should therefore be excluded from consideration in their motion as the very same testimony would most certainly be excluded at the time of trial. (*See* Exhibit "2" at Answer No. 5 and Defendants' Final Witness List attached as Exhibit "3".)

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate only if the evidentiary materials show that there exists no genuine issue as to any material fact that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden is on the movant to show there is no genuine issue of material fact. *Kaul v. Stephan,* 83 F.3d 1208, 1212 (10th Cir. 1996).

The moving party is entitled to judgment **only** if the undisputed facts show the nonmovant cannot prove an essential element of the cause of action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All facts of record must be viewed in the light most favorable to, and all reasonable inferences resolved in favor of, the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). If there is "evidence on which the jury could reasonably find for plaintiff," summary judgment must be denied.

Defendant, Wal-Mart, has provided no relevant undisputed material facts to warrant granting their Motion for Summary Judgment and therefore their motion should be denied. Further, Plaintiff has demonstrated that a dispute as to material facts exists and a punitive damage determination is not ripe at this stage of litigation as a matter of law.

## I.    DEFENDANTS FAIL TO MEET THEIR BURDEN FOR THEIR MOTION FOR SUMMARY JUDGMENT

9

Plaintiff believes it prudent to first confront Defendants' initial contention that as there are no material facts at issue in the present matter, Summary Judgment is appropriate. This contention is inaccurate. As outlined above, Defendants have either misstated, mischaracterized, or left out the facts in evidence when they filed their motion. Their contentions are misleading and are again not supported by any admissible testimony or evidence.

Oklahoma procedural law dictates that summary judgment is appropriate only when it appears there is no substantial controversy as to any material fact and that one of the parties is entitled to summary judgment. *Flanders v. Crane Co.*, 693 P.2d 602, 605 (Okla. 1984). On a motion for summary judgment, the burden is on the movant to demonstrate that there is no substantial controversy as to any material fact, and all inferences in evidence must be taken in favor of the nonmovant. *See Crockett v. McKenzie*, 867 P.2d 463, 464 (Okla. 1994). To defeat summary judgment, the plaintiff is not required to prove his case but rather must show only that a controversy of fact exists. *See N.C. Corff Partnership v. OXY USA, Inc.*, 929 P.2d 288, 293 (Okla. Ct. App. 1996). In a brief review of the evidence provided to this Court by the parties in a light that is favorable to the nonmovant, there can be no question that there are material facts in controversy that reasonable jurors may reach different conclusions. Specifically, whether or not there was a muddy wet spot on the floor and whether that same muddy wet spot caused the Plaintiff to slip and fall. For this Court to find there is no substantial controversy as to any material fact raised by the issues, it must appear not only that there is no dispute as to such facts themselves, but also that reasonable people exercising fair

and impartial judgment could not reach differing conclusions upon the undisputed facts. *Northrip v. Montgomery Ward and Co.*, 529 P.2d 489, 493 (Okla. 1974).  Motions for summary judgment should be denied if the undisputed facts are conflicting or if reasonable men, in exercise of fair and impartial judgment, might reach different conclusions from the undisputed facts concerning any issue. *Id.* (emphasis added). Moreover, all inferences and conclusions to be drawn from the undisputed facts must be viewed in the light most favorable to the party opposing the motion.  *Id.* at 496-497.

As these considerations strongly suggest, summary judgment is not favored in Oklahoma. *Love v. Harvey*, 448 P.2d 456, 462 (Okla. 1968).  Summary judgment should only be granted where it is perfectly clear that there are no issues of material fact in a case. *Northrip*, 529 P.2d at 497.  As an example, even when a Judge believes that a directed verdict will ultimately be necessary in a case, he or she should ordinarily allow the evidence to be heard and then later grant a directed verdict rather than grant a summary judgment. *Id.*

In the instant case, there are substantial issues of material facts. There is no question that the Plaintiff slipped on something on the floor, as can be seen through a review of the videos produced by the Defendants and the photographs of from the videos attached to Plaintiff's Response. (*See* Photographs from the video of Plaintiff's fall attached as Exhibit "4" and "5".) That evidence and the contradictory statements made by the Defense as to the existence of a substance that was cleaned, or not, could most certainly allow a reasonable juror to find that the Defendant breached their duty of reasonable care for the Plaintiff and find in favor of the Plaintiff. To survive summary

11

judgment, Plaintiff has shown there are legitimate disputes of fact. Therefore, the Defenses' Motion for Summary Judgment as to the issue of negligence on the part of the Defendant must be denied.

## II. PLAINTIFF HAS A CLAIM FOR NEGLIGENCE AGAINST THE DEFENDANT/NOTICE IS NOT REQUIRED

In *Martin v. Wal-Mart Stores, Inc.*, the 10th Circuit (interpreting Oklahoma law) explained that there is a long line of cases, which have gradually developed and fleshed out an exception to the traditional requirement of actual or constructive notice in slip and fall cases. *See White v. Wynn*, 708 P.2d 1126, 1129 (Okla.1985); *Lingerfelt v. Winn-Dixie Tex., Inc.*, 645 P.2d 485, 487-89 (Okla.1982); *Kassik v. Spicer*, 490 P.2d 251, 253-54 (Okla. 1971); *Safeway Stores, Inc. v. Keef*, 416 P.2d 892, 894-95 (Okla. 1966); *J.C. Penney Co. v. Barrientez*, 411 P.2d 841, 848 (Okla. 1965); *Glover v. Montgomery Ward & Co.*, 536 P.2d 401, 404-08 (Okla.Ct.App.1974).

In *Lingerfelt*, the Supreme Court worked out the exception which is premised on foreseeability of dangerous conditions resulting from the operations carried out on the invitor's premises. When the result of the operations is dangerous conditions occurring, the invitee need not show notice of the specific condition created. *White*, 708 P.2d at 1129; *Lingerfelt*, 645 P.2d at 488.

The Court in *Martin v. Wal-Mart Stores, Inc.* states,

It is now clear that the exception is premised on the foreseeability of dangerous conditions resulting from the operations carried out on the invitor's premises. When the operating methods of an invitor are such that dangerous conditions, such as spills by patrons, are recurring or easy to anticipate the invitee need not show notice of the specific condition created. See, e.g., *White*, 708 P.2d at 1129.

*Jack Healy Linen Service Co. v. Travis*, 967 OK 213, 434 P. 2d 924, 926-27 is

instructive on this issue.   In *Travis*, the plaintiff walked through a pool of water that she

knew was there but could not go around. The Oklahoma Supreme Court held there was a

jury question.   The plaintiff was aware there was water on the floor and had walked

through the area many times before, but did not know its depth and the amount of soap in

it on this occasion:

> *Plaintiff was injured when she took two or three steps into the body of water and fell to the concrete floor after slipping on it. She had been aware that this area remained always damp and at times was covered by standing water.*

Although Ms. Travis knew there was water and could see it, that did not make the

danger "open and obvious":

> *A 'hidden danger' within the terms of the rule governing the liability of an owner or occupant of the premises need not be totally or partially obscured from vision or withdrawn from sight. There exists no fixed rule for determining whether or not a defect in the premises is in the nature of a trap. What constitutes a hidden danger depends on the physical condition of the premises and on the peculiar use made thereof by the invitor at the time of invitee's injury.*

### STANDARD FOR IMPOSTION OF PUNITIVE DAMAGES UNDER OKLAHOMA LAW

Whether punitive damages may be awarded is a highly fact-intensive inquiry

based on the facts developed during the course of the litigation. Deciding this issue at this

premature juncture, when there are most certainly substantial material facts at issue,

would be extremely prejudicial to Plaintiff. Should Plaintiff fail to develop sufficient

factual basis during the course of trial, Defendants can obviously seek to prevent the jury

from having the option to award punitive damages at the close of the evidence.

13

Dismissing the "claim" for punitive damages is not appropriate at this stage of the proceeding. It is a bridge that need not be crossed at this time. However, if the Court should decide that this decision is to be made now, then Defendants' Motion for Summary Judgment should be denied.

## I. UNDER OKLAHOMA LAW, THE QUESTION OF WHETHER PUNITIVE DAMAGES EXIST IS A FACT QUESTION FOR THE JURY

Punitive damages are not limited to cases where there is "direct evidence of fraud, malice or gross negligence, but that *such damages may be allowed when there is such reckless and wanton disregard of another's rights that malice and evil intent may be inferred*." *Sunray DX Oil Co. v. Brown*, 477 P.2d 67 (Okla. 1970). Further, in the *Morgan* case, the Oklahoma Supreme Court quoted a 1954 decision, stating "[e]xemplary damages are imposed by the law on the theory of punishment to the offender, for the general benefit of society, and are allowed only in cases where fraud, oppression, gross negligence or malice, actual or presumed, enter into the cause of action, but a person may commit such willful acts in reckless disregard of another's rights that malice will be inferred." *Morgan v. Bates*, 390 P.2d 486, at 488 (Okla. 1964), citing *Tomlinson, et al. v. Bailey, et al.*, 289 P.2d 384 (Okla. 1954). "Wanton or willful negligence does not necessarily connote an ill will toward the person injured or a specific intent to inflict the injury, but an act of negligence may be properly so classified if there is 'an entire absence of care for the life, person or property of others which exhibits indifference to consequences.'" *Barall Food Stores v. Bennett*, 153 P.2d 106, 110 (Okla. 1944) (quoting *Higbee Co. v. Jackson*, 128 N.E. 61 (Ohio 1920)). As is clearly outlined in the material

14

facts at issue there was a muddy wet spot present inside Defendant's store that caused Plaintiff to fall suffering severe and permanent injuries.

According to the Court, the question of punitive damages "is a question of fact for the jury, and if there is *some evidence reasonably tending to support that issue," it is the duty of the trial court to submit the question to the jury*.  *Reed v. Fichencord*, 219 P. 937 (Okla. 1923); *Frank v. Mayberry*, 985 P.2d 773, 777 (Okla. 1999) (whether the record contains enough evidence to justify punitive damages is a question of law for the court).

Oklahoma adopted an ancient form of law in statutory form, initially as 23 O.S. § 9, amended in 1995 and now 23 O.S. §9.1.  The statute modified the traditional common law.  The amended statute generally relieves the trial judge from having to make the decision to submit punitive damages to the jury, as long as there is **any** evidence supporting the claim.  The amended statute now makes the determination of punitive damages a question of fact for the jury.  The statute requires two "stages" and each of the stages will be addressed.

**1. FIRST STAGE:**

The amended statute contains three categories. Each category will be addressed below under stage one of the punitive damage's statute.

**Category I:**   The first category requires the **jury to determine** by clear and convincing evidence that the defendant *"has been guilty of reckless disregard for the rights of others."*  After making such a finding the jury *"in a separate proceeding conducted after the jury has made such a finding and awarded actual damages may*

*award exemplary damages in an amount not to exceed the greater of"* one hundred thousand dollars or the actual amount of damages awarded.

Wanton or reckless conduct can still be described as conduct that exhibits a conscious indifference to consequences in circumstances where the <u>probability of harm is reasonably apparent</u>. *Barrell Food Stores, Inc. v. Bennett*, 153 P.2d 106 (Okla. 1944); *Foster v. Emery*, 495 P.2d 390 (Okla. 1972) ("As a practical matter, it may be said that it is rarely proper for the court, as opposed to the jury, to decide that a course of conduct does amount to wantonness or wanton conduct.").

**Category II:** The second category **requires the jury to determine** by clear and convincing evidence that the defendant *"has acted intentionally and with malice towards others"*. After making such a finding <u>the jury</u> *"in a separate proceeding...may award exemplary damages in an amount not to exceed the greater of"*: (a) five hundred thousand dollars, (b) twice the amount of actual damages awarded, or (c) the increased financial benefit derived by the defendant or insurer as a direct result of the conduct causing the injury to the plaintiff and other persons or entities.

Case law interpreting malice and intent are still controlling under the amended statute. Malice can still be inferred from gross negligence which indicates conscious indifference to consequences of one's act. *Silkwood v. Kerr-McGee*, 769 F.2d 1451 (10th Cir. 1985); *see also Beneficiary Finance Co. v. Young*, 612 P.2d 1357 (Okla. 1980); *Alsobrook v. National Travelers Life Ins. Co.*, 852 P.2d 768 (Okla. Civ. App. 1992). *"Acted intentionally"* is not intent to cause the harm, but rather is intent to do the act.

16

**Category III:**    Where **the jury finds** by clear and convincing evidence that the defendant has *"acted intentionally and with malice towards others"* and the *"court finds, on the record and out of the presence of the jury, that there is evidence beyond a reasonable doubt that the defendant...acted intentionally and with malice and engaged in conduct life-threatening to humans,"* the jury may award exemplary damages in any amount it deems *"appropriate."*

Under all three categories plaintiff must submit punitive damages evidence, as to the applicable category, during her case in chief, or "stage one" of the punitive damages phase, of the trial.  The jury must then determine in *"stage one,"* by clear and convincing evidence, whether Category I or II is applicable.

As to the procedural application of Category III it is important to note that 23 O.S. §9.1(C)(1) is the same as 23 O.S. §9.1(D)(1)[2].  Thus, once the jury makes a finding of intent and malice under Category II then the statute requires the plaintiff to convince the court *"beyond a reasonable doubt"* and *"outside the presence of the jury"* that the defendants' conduct *"endangered human life"* for the jury to award punitive damages in excess of the limits appearing under Categories I and II.

## 2. SECOND STAGE:

During the *"second stage"* the jury is to determine the amount of punitive damages to be awarded based on the following factors appearing in 23 O.S. § 9.1(A) (emphasis added):

> 1. The seriousness of the hazard to the public arising from the defendant's misconduct;

17

2. <u>The profitability of the misconduct</u> to the defendant;

3. The <u>duration</u> of the misconduct and any <u>concealment</u> of it;

4. The degree of the defendant's <u>awareness</u> of the hazard and of its excessiveness;

5. The <u>attitude and conduct</u> of the defendant upon discovery of the misconduct or hazard;

6. In the case of a defendant which is a corporation or other entity, the <u>number and level of employees involved in causing or concealing the misconduct</u>; and

7. The <u>financial condition</u> of the defendant.

The current statute does not change previous decisions establishing that whether punitive damages are to be awarded is in the jury's discretion, to the contrary, the current statute now ***requires that the jury, not the trial judge***, determine if punitive damages are appropriate. A punitive damages determination/award has been described as a *"discretionary moral judgment"*. *Smith v. Wade*, 461 U.S. 30, 52 (1983).

The amended statute, by completely turning the determination of whether punitive damages are appropriate over to the jury, simply confirms prior case law in that once the plaintiff submits **any** evidence of the elements required for the granting of punitive damages, it is error for the trial court to refuse to submit a punitive damage instruction to the jury. *Sopkin v. Premier Pontiac*, 539 P.2d 1393 (Okla. Civ. App. 1975) (Only in total absence of evidence supporting inference of malice, actual or presumed, or equivalent, is trial court justified in refusing to submit issue of punitive damages to jury). The Court also again pointed this out in *Shuman v. Laverne Farmers CO-OP*, 809 P.2d 76, 79 (Okla. Civ. App. 1991):

As to the sufficiency of Shuman's evidence, and as we have previously noted, there is **some** evidence in the record supporting an inference that Coop failed to pass on the warning issued by Cooper. Without elaboration, we believe such evidence would also clearly support <u>an inference</u> of either Coop's gross negligence or reckless disregard/indifference for the safety of others. Under such circumstances, the Trial Court <u>was not free to refuse</u> to submit and <u>instruct</u> on the issue of punitive damages. (*Emphasis added*).

A reading of the now amended statute clearly supports previous case law making an award of punitive damages a fact question for the jury. The statute is **void** of any language making the decision to instruct on punitive damages a question of law for the Court. Quite the opposite, the statute references over and over again the requirement for the **jury** to determine the defendants conduct as defined by Categories I and II. Thus, prior case law stating that the determination of punitive damages is within the province of the jury and will not be interfered with by the appellate court is still very much the current law. *See e.g. Oller v. Hicks*, 441 P.2d 356 (Okla. 1967); *Jones v. Lennington*, 629 P.2d 805 (Okla. Civ. App. 1981).

Thus, the statute requires two basic stages in presenting punitive damages. The jury must first make a decision during the actual damages stage of the trial as to the defendant's conduct (Category I or II), in stage one. After the jury returns with an award of actual damages and a finding of either Category I or II in stage one, it must return to deliberate and assess punitive damages in stage two.

Therefore, since a jury has not yet heard any evidence in this case, it would be premature to determine that a jury is not able to find that the defendant's conduct rose to the level of punitive damage.

19

With no evidence from the Defendants in record to refute the material facts asserted by the Plaintiff, which are in the record, there is no question that a jury could find that Defendants and/or their employee's or agent's conduct was so egregiously indifferent, that it rose to a level of reckless disregard for the health, welfare and safety of the Plaintiff.

Here, the only testimony that exists is that of the Plaintiff.  The pictures are clear that it was not readily observable. A jury could find that Defendants' employee's reckless disregard amounts to punitive damages.

**<u>CONCLUSION</u>**

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendants' Motion for Summary Judgment because under Oklahoma law, the issue is for a jury to determine, many material facts remain in dispute, and long-standing Oklahoma Supreme Court cases require the issue to be presented to a jury.

> **Respectfully submitted,**
>
> /s/David L. Teasdale
> JAKE S. ALDRIDGE, OBA #21932
> DAVID L. TEASDALE, OBA #30307
> **ALDRIDGE & TEASDALE, PLLC**
> 324 W. Main Street
> Norman, OK 73069
> Telephone: (405) 447-4878
> Facsimile: (405) 329-4878
> Email: jake@getatlaw.com
>      david@getatlaw.com
> **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of December 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

**MICHAEL W. BREWER, OBA #11769**
**ANDRE V. FARINHA, OBA #32910**
**HILTGEN & BREWER, P.C.**
9505 North Kelley Avenue
Oklahoma City, OK 73131
(405) 605-9000 - Telephone
(405) 605-9010 – Facsimile
Email: mbrewer@hbokc.law
        afarinha@hbokc.com
**ATTORNEYS FOR DEFENDANT**

/s/David L. Teasdale
DAVID L. TEASDALE