

**Executive Shorthand Reporters Of OK**

**CHELSEA BATTLES**
**VS.**
**WAL-MART STORES, LP, ET AL.**
**CASE NO:  CIV-25-000067-J**



**DEPOSITION OF:**
**BATTLES, CHELSEA**
**DATE TAKEN: 7/17/2025**

**1111 LEE AVENUE, SUITE 218A**
**OKLAHOMA CITY, OK  73103**
**PHONE:  405-235-6066**
**EMAIL:  ESRO@EXECUTIVEOFOK.COM**
**WEBSITE:  EXECUTIVEOFOK.COM**



PLAINTIFF'S
EXHIBIT
1

CHELSEA BATTLES VS. WAL-MART STORES, LP, ET AL.
DEPOSITION OF BATTLES, CHELSEA

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT STATE OF OKLAHOMA

CHELSEA BATTLES,             )
                             )
                             )
          Plaintiff,         )
                             )
VS.                          )CASE NO: CIV-25-00067-J
                             )
                             )
WAL-MART STORES EAST,        )
INC., and WAL-MART           )
STORES EAST, LP, d/b/a       )
WAL-MART SUPERCENTER         )
#150 a/k/a WAL-MART,         )
INC.,                        )
                             )
                             )
          Defendants.        )

* * * * * * * * * * * * * * * * * * * * * * * * *

STENOGRAPHIC DEPOSITION OF CHELSEA BATTLES

TAKEN ON BEHALF OF THE

DEFENDANTS

ON JULY 17TH, 2025

IN NORMAN, OKLAHOMA

* * * * * * * * * * * * * * * * * * * * * * * * *

REPORTED BY: MARTINE MCLAUGHLIN BUCK, CSR, CLR

EXECUTIVE SHORTHAND REPORTERS OF OK
PHONE: 405 235 6066   ESRO@EXECUTIVEOFOK.COM

CHELSEA BATTLES VS. WAL-MART STORES, LP, ET AL.
DEPOSITION OF BATTLES, CHELSEA

Page 74

say, an associate stocking.  You told them about the incident.  You claim that they didn't pay attention to you.

Did you ever advise or walk any of these associates to the area of where you believe the hazardous or substance was on the ground?

A    Yes.  When I went to check out, I told her where the area was and where I had slipped.

Q    Okay.

A    And that was with Lisa.

Q    Okay.  Did you -- did you -- did Lisa offer to take or ask you to take her to the area where this -- where this allegedly -- where there was some alleged debris on the ground or something on the ground?

A    Yes.  She went and had someone look at it.

Q    Okay.

A    And then they stated it was already dry.  It was a muddy, wet spot.  So --

Q    Okay.  So you told someone, but you didn't physically go back with an associate and show them the specific area that you believe

CHELSEA BATTLES VS. WAL-MART STORES, LP, ET AL.
DEPOSITION OF BATTLES, CHELSEA

Page 75

had a muddy -- something muddy on the ground?

A    I told them exactly where it was, yes.

Q    Okay.

A    Which is where I was trying to go when I was trying to get the employee's before that to show them where it was.

Q    I understand what you are telling me.

A    Yeah.

Q    My question is more specific.  I am asking you:  Did you walk back or physically walk with a Wal-Mart associate to the area where you believe you slipped and fell?

A    Me besides the associate?

Q    Right.

A    No.  I did not walk them to the area.

Q    You just told them.  And then it was your understanding that someone went back there to look at it, and then I think you testified that they told you that they didn't find anything or that there was nothing wrong with that area?

A    Correct.

Q    Okay.  Okay.

A    Uh-huh.

CHELSEA BATTLES VS. WAL-MART STORES, LP, ET AL.
DEPOSITION OF BATTLES, CHELSEA

Page 79

"At 6:40 p.m., I was entering the store right at Aisle 5 in the frozen section. I slipped on a muddy, wet spot."

Now, when you say muddy, wet spot, can you describe to me what you observed that -- are we talking about -- so looking at a coaster here under -- it's -- you know, I can't describe the dimensions of it, but it's -- was -- I will use this.

Was -- was -- the muddy spot that you believe that you slipped on, how big was it? Was it bigger than let's say a quarter? Was it smaller than a quarter, or was it -- could you describe it for me?

A    It was fairly -- probably (indicating) --

Q    So what? The size of -- maybe a donut?

A    Yeah. Yes. That's correct.

Q    And was the muddy -- the muddy imprint or whatever you're -- it looked muddy to you, so was it brown in color, or was it -- what kind of color did it have?

A    It was clear. And then there was a muddy spot.

EXECUTIVE SHORTHAND REPORTERS OF OK
PHONE: 405 235 6066   ESRO@EXECUTIVEOFOK.COM

CHELSEA BATTLES VS. WAL-MART STORES, LP, ET AL.
DEPOSITION OF BATTLES, CHELSEA

Page 80

Q    Okay.

A    Mud inside of it.

Q    So did it look like maybe there had been water on the ground and that someone with maybe a muddy boot or muddy shoe had stepped on that?

A    It seemed fairly similar to that, yes.

Q    Okay.  So it was a mixture of what you were seeing on the ground and a mixture of some water and -- and mud?

A    Yes.

Q    Okay.  And you believe that it was the size of a donut?

A    Yes.

Q    Okay.  When you -- immediately after the slip, is that when you noticed that muddy, wet spot?

A    Yes.  I happened to look down to see what I had slipped on, yes.

Q    Okay.  What type of shoes were you wearing that day, ma'am?  Were you wearing sneakers, flip flops, dress shoes?

A    I was wearing flip flops.

Q    Okay.  All right.  I am going to

CHELSEA BATTLES VS. WAL-MART STORES, LP, ET AL.
DEPOSITION OF BATTLES, CHELSEA

Page 88

knee hits the ground?

A    Yes.

Q    Okay.  All right.  Then down in observations it says, "Customer claims she slipped on what would" -- it should be "appeared to be a muddy, wet spot."

Does that in your mind encapsulate what you -- what you told her that day in terms of the incident; that you -- that you claimed to have slipped on what appeared to be a muddy, wet spot?

A    Yes.

Q    Okay.  All right.  You can put that away, ma'am.  Put that on top of there.  Thank you.

All right.  How are you doing?  Are you doing all right?

A    Yes.  I'm getting a little uncomfortable sitting here.

Q    Well, If you need to take a break, we can.  Are you fine?

A    No.  I'm fine.  Thank you.

Q    Now, I am going to do this so that everyone can see the video.

Now, this has been produced to your

CHELSEA BATTLES VS. WAL-MART STORES, LP, ET AL.
DEPOSITION OF BATTLES, CHELSEA

Page 95

Q    now, would you agree that this individual, this gentleman with the hat on that he is walking in the general vicinity of where you slipped and fell?

And when I say "general vicinity," I just mean the general area.  I'm not saying that he may have stepped on necessarily the area where you claim, but he's walking in the general vicinity.  Right?

A    He's walking in the area, yes.

Q    Okay.  And keep going.  And he doesn't appear to have any issue with the flooring.  Correct?  He walks by.  He is still standing up.  Correct?

A    He is standing, walking, yes.

Q    Okay.  Now, I am going to go -- let's go a little bit after your incident.  I apologize.  I don't have any mouse with me.  All right.  Now press play.

(Playing the video.)

BY MR. FARINHA:

Q    I think I went too far.

Okay.  Now, this is after your incident.  Okay?  And, again, I am going to stop it right there.