# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHELSEA BATTLES,<br><br>               Plaintiff,<br><br>v.<br><br>WAL-MART STORES EAST, INC.,<br>and WAL-MART STORES EAST, LP,<br>d/b/a WAL-MART SUPERCENTER<br>#150 a/k/a WAL-MART INC.,<br><br>               Defendants. | Case No.: CIV-25-00067-J |

## DEFENDANTS' ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendants, Wal-Mart Stores East, L.P., a Delaware Limited Partnership and Walmart Inc., a Delaware Corporation ("Walmart"), for its Answers to Plaintiff's First Set of Interrogatories to Defendant Walmart states as follows:

## GENERAL OBJECTIONS

1. Defendants object to Plaintiff's Interrogatories to Defendants to the extent they attempt to impose duties, obligations, and definitions beyond those imposed by the Federal Rule of Civil Procedure. All answers are given in accordance with the Federal Rules.

2. Defendants further object to Plaintiff's First Set of Interrogatories to Defendants to the extent they attribute meanings to any language beyond Defendants' understanding of the plain meaning of such language.

3. Defendants further object to Plaintiff's First Set of Interrogatories to Defendants



PLAINTIFF'S EXHIBIT<br>tabbies·

to the extent they seek information protected by the attorney-client and/or work produce privileges.

## INTERROGATORIES

**INTERROGATORY NO. 1:** State the full name, social security number, current address or last-known address of each person who answers or assists in answering these interrogatories.

**ANSWER TO INTERROGATORY NO. 1:** Defendants object to this Interrogatory on the basis that it is overly broad, vague, unduly burdensome, contains multiple subparts and is not proportional to the needs of this case. Moreover, this Interrogatory seeks irrelevant information and is not calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory seeks the production of information that is both private and confidential and protected from disclosure by state and federal law. Subject to and without waiving any of Defendants' objections, answers to these Interrogatories were prepared by counsel for Defendants with assistance provided by Defendants' internal legal counsel and information provided by Defendant's associates Aaron Parrott and Debora Johnston.

**INTERROGATORY NO. 2:** State the full name, phone number, and last known address, giving the street, street number, city, and state, of every person known to you or to your attorneys who was a witness to the incident that led to the Plaintiff's injuries in the present action or has any knowledge, information, or opinions concerning, or in any way relating to, the facts and circumstances surrounding the Plaintiff's claim or injuries in the present action.

**ANSWER TO INTERROGATORY NO. 2:** Defendants object to this Interrogatory on

the basis that it is premature. Defendants also object to this Interrogatory on the basis that it is overly broad, vague and ambiguous, unduly burdensome and calls for a narrative response better suited for the deposition process. This Interrogatory is also objectionable in that it seeks personal protected and confidential information. Subject to and without waiving any of Defendants' objections, none. For further response, Defendants refer Plaintiff to documents previously produced with Defendants' Rule 26 Initial Disclosures.

**INTERROGATORY NO. 3:** Identify and describe any and all documents generated, reviewed, or received by Defendant, or any person acting Defendant's behalf, reflecting, referencing, or in any way relating to any investigation, review, or evaluation of, or response to, the Plaintiff's claim or injuries in the present action, including, but not limited to:

    a.  statements taken, offered to, or received from the parties, potential witnesses, investigating officer, or any other person or entity who has knowledge of the incident that led to the Plaintiff's injuries in the present action;

    b.  documents evidencing, reflecting, referencing, or in any way relating to the incident that led to the Plaintiff's injuries in the present action; and

    c.  videos, photographs or other images, illustrations, or depictions evidencing, reflecting, referencing, or in any way relating to the incident that led to the Plaintiff's injuries in the present action.

**ANSWER TO INTERROGATORY NO. 3:** Defendants object to this Interrogatory on the basis that it is overly broad, vague and unduly burdensome. Defendants also object to this Interrogatory as it is not proportional to the needs of the case. Further, Defendants

object to this Interrogatory on the basis that it seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving any of Defendants' objections, Defendant refers Plaintiff to documents previously produced with Defendants' Rule 26 Initial Disclosures.

**INTERROGATORY NO. 4:** Please set forth the name, business and residence address, and telephone number of each person with whom someone on your behalf has talked, communicated, or in any other manner interviewed in connection with, or relating to how this incident occurred giving the dates such statements were taken; the names and addresses of the persons and employers of such persons who took such statements; the names, addresses and phone numbers of each person present at such statements or interviews; and the names and addresses of the persons having custody of such statements.

**ANSWER TO INTERROGATORY NO. 4:** Defendants object to this Interrogatory on the basis that it is overly broad, vague, unduly burdensome and contains multiple sub-parts. Defendants also object to this Interrogatory as it is not proportional to the needs of the case. Further, Defendants object to this Interrogatory on the basis that it seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving any of Defendants' objections, none. Defendants refer Plaintiff to documents previously produced with Defendants' Rule 26 Initial Disclosures.

**INTERROGATORY NO. 5:** Describe and summarize the anticipated testimony of all persons, including experts, who have any knowledge about facts, circumstances, and/or opinions reflecting, referencing, or in any way relating to, the Plaintiff's claim or injuries

in the present action.

**ANSWER TO INTERROGATORY NO. 5:** Defendants objects to this Interrogatory on the basis that it is premature, calls for a legal conclusion, overly broad, vague and unduly burdensome. Defendants also object to this Interrogatory as it is not proportional to the needs of the case. Further, Defendants object to this Interrogatory on the basis that it seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving any of Defendants' objections, Defendants have not retained an expert in connection with this litigation. To the extent treating physicians are considered experts, Defendants expect to call treating physicians as witnesses. Furthermore, Defendants anticipate calling Defendants' associates Aaron Prescott and Debora Johnston who will testify in accordance with their statements.

**INTERROGATORY NO. 6:** Identify and describe the nature and substance of any and all communications or correspondence between you and the Plaintiff or you and any third party reflecting, referencing, or in any way relating to, the Plaintiff's claim or injuries in the present action, including identification of the date of such communication or correspondence and the identity of any person having custody of any document generated in connection with such communication or correspondence.

**ANSWER TO INTERROGATORY NO. 6:** Defendants object to this Interrogatory on the basis that it is premature, overly broad, vague, ambiguous, unduly burdensome, calls for a narrative response better suited for the deposition process, is not proportional to the needs of this case nor is it reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Defendants object to this Interrogatory on the basis that it seeks

information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving any of Defendants' objections, Defendant refers Plaintiff to documents previously produced with Defendants' Rule 26 Initial Disclosures.

**INTERROGATORY NO. 7:** Please describe how this incident occurred, stating everything in reference thereto in the order in which the events took place.

**ANSWER TO INTERROGATORY NO. 7:** Defendants object to this Interrogatory on the basis that it is overly broad, vague, ambiguous, unduly burdensome, calls for a narrative response better suited for the deposition process, is not proportional to the needs of this case nor is it reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Defendants object to this Interrogatory on the basis that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving any of Defendants' objections, Defendants understand the Plaintiff was shopping inside Defendants' store and slipped on a muddy wet spot on the floor. For further response, Defendants refer Plaintiff to documents and video previously produced with Defendants' Rule 26 Initial Disclosures.

**INTERROGATORY NO. 8:** Describe in detail, including without limitation, the date, purpose, scope, nature, extent, and findings relating to any investigation concerning the incident alleged in Plaintiff's Petition by, or on behalf of, Defendant, and identify all individuals conducting or participating to any extent in each such investigation. [Note: This Interrogatory does not seek information which is protected by the attorney-client privilege or attorney work-product privilege; however, if such privileges are claimed, identify the

nature of the information for which such privileges are claimed and specify the basis for asserting such privileges.]

**ANSWER TO INTERROGATORY NO. 8:** Defendants object to this Interrogatory on the basis that it is overly broad, contains multiple sub-parts, vague, ambiguous, unduly burdensome, calls for a narrative response better suited for the deposition process, is not proportional to the needs of this case nor is it reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Defendants object to this Interrogatory on the basis that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving any of Defendants' objections, Defendants refer Plaintiff to documents previously produced with Defendants' Rule 26 Initial Disclosures.

**INTERROGATORY NO. 9:** Identify each document or other tangible thing that Defendant asserts supports any of its denials or defenses set forth in its Answer or otherwise utilized to support its position in the present lawsuit.

**ANSWER TO INTERROGATORY NO. 9:** Defendants object to this Interrogatory on the basis that it is premature and that it calls for a legal conclusion. Discovery is ongoing and Defendants have not discovered all relevant information at this time. Subject to and without waiving any of Defendants' objections, Defendants refer Plaintiff to documents and video previously produced with Defendants' Rule 26 Initial Disclosures.

**INTERROGATORY NO. 10:** Please identify any and all documents which relate to any formal or informal complaint made by any person, including Plaintiff, concerning fall injuries at Defendant's store on the date of the incident pled of in Plaintiff's Complaint,

including the person's names, telephone numbers, addresses, and time of day regarding those complaints.

**ANSWER TO INTERROGATORY NO. 10:** Defendants object to this Interrogatory on the basis that it does not seek relevant evidence and is overbroad, vague and unduly burdensome. Defendants also object to this Interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence nor is it proportional to the needs of the case. Specifically, this Interrogatory does not consider the facts and circumstances as shown by the store video surrounding the incident made the basis of this litigation. Additionally, this Interrogatory does not contain a reasonable similarity or temporal limitation. Subject to and without waiving any of Defendants' objections, none.

**INTERROGATORY NO. 11:** Pursuant to 12 O.S. §3226 (B)(3), please identify each expert that Defendant intends to call as a witness at trial and state the subject matter on which the expert is expected to testify; the substance of the facts and opinions to which the expert is expected to testify; a summary of the grounds for each opinion; the qualifications of each expert witness, including a list of all publications authored by the expert witness within the preceding ten (10) years; the compensation to be paid to the expert witness for the testimony and preparation for the testimony; and a listing of other cases in which the expert witness has testified as an expert at trial or by deposition within the preceding four (4) years.

**ANSWER TO INTERROGATORY NO. 11:** Defendants have not retained an expert in connection with this litigation.

**INTERROGATORY NO. 12:** Is it the contention of the Defendant that the Plaintiff by any such act or omission caused or contributed to cause the alleged occurrence? If so, please state in detail each act or omission by the Plaintiff that you believe caused or contributed to the injuries suffered by the Plaintiff.

**ANSWER TO INTERROGATORY NO. 12:** Defendants object to this Interrogatory on the basis that it is premature and calls for a legal conclusion. Defendants also state that Plaintiff is responsible for using ordinary care in her actions. Discovery is ongoing and Defendants have not discovered all relevant information at this time.

**INTERROGATORY NO. 13:** Please set forth your opinion regarding whether or not the Plaintiff was injured in the incident in question. If you, or an expert witness on your behalf, is going to deny that the Plaintiff was injured or state that the injury was the result of a pre-existing condition, please set forth the reasons for those contentions.

**ANSWER TO INTERROGATORY NO. 13:** Defendants object to this Interrogatory on the basis that it is premature, calls for a legal conclusion and seeks a medical opinion that should be the subject of medical expert discovery. Defendants also object to this Interrogatory on the basis that it does not seek relevant evidence and is overbroad, vague and unduly burdensome. Defendants also object to this Interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence nor is it proportional to the needs of the case. Furthermore, Defendants object to this Interrogatory on the basis that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

**INTERROGATORY NO. 14:** Did you or any agent or employee of the Defendant have any knowledge of the alleged substances or materials on the floor of Defendant's store prior to the alleged occurrence?

**ANSWER TO INTERROGATORY NO. 14:** Defendants object to this Interrogatory on the basis that it is premature and calls for a legal conclusion. Defendants also object to this Interrogatory on the basis that it does not seek relevant evidence and is overbroad, vague and unduly burdensome. Defendants also objects to this Interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence nor is it proportional to the needs of the case. Furthermore, Defendants object to this Interrogatory on the basis that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving any of Defendants' objections, no. Defendants and its associates were unaware that a substance/hazard was on the floor prior to Plaintiff's incident. Defendants also state that Plaintiff is responsible for using ordinary care in her actions.

**INTERROGATORY NO. 15:** If you have answered the preceding interrogatory in the affirmative, please state:

    A. How you or any agent or employee of the Defendant acquired such knowledge;

    B. what period of time you or any agent or employee of the Defendant knew of such knowledge prior to the alleged occurrence; and

    C. what steps were taken to mitigate and/or remediate the existence of the alleged materials on the floor.

**ANSWER TO INTERROGATORY NO. 15:** Defendants object to this Interrogatory on the basis that it is premature and calls for a legal conclusion. Defendants also object to this Interrogatory on the basis that it does not seek relevant evidence and is overbroad, vague and unduly burdensome. Defendants also object to this Interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence nor is it proportional to the needs of the case. Furthermore, Defendants object to this Interrogatory on the basis that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving any of Defendants' objections, Defendants refer Plaintiff to documents previously produced with Defendants' Rule 26 Initial Disclosures.

**INTERROGATORY NO. 16:** State with detail and specificity each and every policy, guideline, measure and/or procedure utilized or adopted by you to prevent and/or minimize:

 A. customers and employees from slipping/tripping/falling on the floors of Defendant;

 B. customers and employees from leaving substances on the floor;

 C. customers and employees from leaving materials on the floor; and

 D. warning customers of a hazard on the floor, such as flat slippery materials.

**ANSWER TO INTERROGATORY NO. 16:** Defendants object to this Interrogatory on the basis that it is not proportional to the needs of the case, nor is it reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Interrogatory on the basis that it does not seek relevant evidence and is overbroad, vague and unduly burdensome. Subject to and without waiving any of Defendants' objections, Defendants

refer Plaintiff to documents previously produced with Defendants' Rule 26 Initial Disclosures and documents produced herewith and bates stamped WML00010-WML00098.

**INTERROGATORY NO. 17:**     Please describe all corrective actions taken by you to remedy the incident described in Plaintiff's petition.

**ANSWER TO INTERROGATORY NO. 17:** Defendants object to this Interrogatory on the basis that it is not proportional to the needs of the case, nor is it reasonably calculated to lead to the discovery of admissible evidence as it seeks evidence of subsequent remedial measures which is inadmissible. Defendants also object to this Interrogatory on the basis that it is overbroad, vague and unduly burdensome. Subject to and without waiving any of Defendants' objections, the floor was inspected and cleaned but as to corrected actions, Defendants answers none as this Interrogatory is not applicable.

**INTERROGATORY NO. 18:**     Is it your, or an expert retained on your behalf's, contention that the Plaintiff assumed a risk that contributed to her injuries or that the Plaintiff had adequate and sufficient warning of the harm she encountered. If so, please give a detailed explanation for that contention.

**ANSWER TO INTERROGATORY NO. 18:** Defendants object to this Interrogatory on the basis that calls for a legal conclusion, is not proportional to the needs of the case, nor is it reasonably calculated to lead to the discovery of admissible evidence. Defendants also objects to this Interrogatory on the basis that it is overbroad, vague and unduly burdensome. Furthermore, Defendants objects to this Interrogatory on the basis that it seeks information

protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendants do not have an expert at this time.

**INTERROGATORY NO. 19:**    Identify each and every paper, document, written information, recording, whether video or audio, and like material which pertains to Wal-Mart's policies and procedures including, but not limited to, safety and training.

**ANSWER TO INTERROGATORY NO. 19:** Defendants object to this Interrogatory on the basis that it is not proportional to the needs of the case, nor is it reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Interrogatory on the basis that it does not seek relevant evidence and is overbroad, vague and unduly burdensome. Defendants object to this Interrogatory on the basis that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving any of Defendants' objections, Defendants refer Plaintiff to the documents produced herewith and bates stamped WML00010-WML00098.

Respectfully submitted,

**MICHAEL W. BREWER, OBA #11769**
**ANDRE V. FARINHA, OBA #32910**
**HILTGEN & BREWER, P.C.**
9505 North Kelley Avenue
Oklahoma City, OK 73131
Telephone: (405) 605-9000
Facsimile: (405) 605-9010
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the above and foregoing *Defendants' Answers to Plaintiff's 1ST Set of Interrogatories* was served via email this 18th day of April 2025, to the following counsel of record:

**JAKE ALDRIDGE, OBA #21932**
**DAVID L. TEASDALE, OBA #30307**
**ALDRIDGE & TEASDALE, PLLC**
324 W. Main Street
Norman, OK 73069
Telephone: 405-447-4878
Fax: 405-329-4878
Email: jake@getatlaw.com
　　　david@getatlaw.com
**ATTORNEYS FOR PLAINTIFF**

**MICHAEL W. BREWER**